UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

GORDON COLSON,                          )
                                        )
        Plaintiff,                      )
                                        )
    vs.                                 )        CASE NO.
                                        )
COOK INCORPORATED,                      )
                                        )
        Defendant.                      )

COMPLAINT AND DEMAND FOR JURY TRIAL

I.      NATURE OF THE CASE

1.      Plaintiff, Gordon Colson ("Plaintiff"), by Counsel, brings this action against Defendant, Cook Incorporated, ("Defendant") for violating Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended 42 U.S.C. § 2000e *et. seq.*

II.     PARTIES

2.      Plaintiff is a resident of Monroe County, Indiana, who at all relevant times to this action, resided within the geographical boundaries of the Southern District of Indiana.

3.      Defendant maintains offices and routinely conducts business within the geographical boundaries of the Southern District of Indiana.

III.    JURISDICTION AND VENUE

4.      Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. § 1331; 28 U.S.C. § 1343 and 42 U.S.C. § 2000e-5(f)(3).

5.      Defendant is an "employer" as that term is defined by 42 U.S.C. § 2000e(b).

6.      Plaintiff was an "employee," as that term is defined by 42 U.S.C. § 2000e(f).

7.      Plaintiff satisfied his obligation to exhaust his administrative remedies, having timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") against Defendant alleging discrimination and retaliation based on his sexual orientation. Plaintiff received his Notice of Suit Rights and timely files this action within ninety (90) days of receipt.

8.      A substantial part of the events, transactions, and occurrences relevant to this lawsuit arose within the geographical environs of the Southern District of Indiana; thus, venue is proper in this Court.

## IV.    FACTUAL ALLEGATIONS

9.      Colson, who is a bisexual male, was hired by Defendant on or about October 9, 2023, as an Inspector in the Packaging Department. At all relevant times, Colson met or exceeded Defendant's legitimate performance expectations and received positive progress reports.

10.      During employment, Colson was subjected to homophobic slurs. For example, Colson was called a "faggot" and told that he could "not get a girlfriend" by his immediate co-workers, such as Nicholas Ferran ("Ferran"), Niklas Siniard ("Siniard") and Jack Harbridge ("Harbridge").  Colson had previously disclosed his orientation to the three.

11.      On or about February 2, 2024, Colson reported his coworkers' inappropriate comments to his Supervisor, Heather Baker ("Baker"). Immediately after his report, Baker conducted a "stand up" meeting where she told all the employees that they needed to respect people and their backgrounds.

12.      On or about February 19, 2024, Baker wrote Colson up for "demonstrating a lack of teamwork." Weeks later, on or about March 8, 2024, Baker wrote Colson up again, for alleged

insubordination. However, in both instances, Colson was reprimanded for not following expectations that Baker never communicated to him in the first place.

13. Colson continued to face hostility and be harassed by his coworkers, through intimidation and ostracization. Ferran, Siniard and Harbridge would bump shoulders with Colson at the intersection of hallways and continue walking without acknowledging him. Colson's coworkers also traveled to Colson's locker, located on the opposite side of Defendant's, to discuss the developers of a video game "not caving into LGBTQ+ pressure" by not putting a gay flag in the game.

14. As a result, Colson reported the continued harassment to Defendant's ethics hotline on March 26, 2024. The following week, Human Resources representative, Lisa Butcher, confirmed she had received Colson's ethics report.

15. A few days later, on or about April 4, 2024, Defendant terminated Colson's employment for alleged comments made in violation of Defendant's Workplace Violence policy. However, similarly situated employees outside of Colson's protected class, such as Ferran, Siniard, Harbridge, were not terminated for similar or worse conduct.

## V. <u>CAUSES OF ACTION</u>

### <u>COUNT I: TITLE VII- SEXUAL ORIENTATION DISCRIMINATION</u>

16. Colson hereby incorporates paragraphs one (1) through fifteen (15) of his Complaint.

17. Colson is a bisexual male.

18. Defendant discriminated against Colson when they terminated his employment.

19. Defendant's actions were intentional, willful, and in reckless disregard of Colson's rights as protected by Title VII.

3

20.     Colson suffered damages as a result of Defendant's unlawful actions.

## COUNT II: TITLE VII- RETALIATION

21.     Colson hereby incorporates paragraphs one (1) through twenty (20) of his Complaint.

22.     Colson engaged in protected activity when he complained of homophobic comments and intimidating behavior from his coworkers.

23.     Defendant retaliated against Colson by writing him up and terminating his employment shortly after he complained.

24.     Defendant's actions were intentional, willful, and taken in reckless disregard of Colson's rights as protected by Title VII.

25.     Colson has suffered damages as a result of Defendant's unlawful actions.

## VI.     REQUESTED RELIEF

WHEREFORE, Plaintiff, Gordon Colson, respectfully requests that the court enter judgment in his favor and award him the following relief:

1.     Reinstate Plaintiff's employment to the position, salary, and seniority level he would have enjoyed but for Defendant's unlawful actions and/or payment to Plaintiff of front pay in lieu thereof;

2.     Award all wages, benefits, compensation, and other monetary loss suffered as a result of Defendant's unlawful actions;

3.     Award compensation for any and all other damages suffered as a consequence of Defendant's unlawful actions;

4.     Award compensatory damages for violations of Title VII;

5.     Award punitive damages for violations of Title VII;

6.        Award all costs and attorney's fees incurred as a result of bringing this action;

7.        Award pre-and post-judgment interest on all sums recoverable; and

8.        Award all other legal and/or equitable relief the Court sees fit to grant.

Respectfully submitted,

*/s/ Ryan Sullivan*
Ryan Sullivan
Andrew Dutkanych
BISECKER DUTAKNYCH & MACER, LLC
144 North Delaware Street
Indianapolis, Indiana 46204
Telephone: (317) 991-4765
Email: rsullivan@bdlegal.com
ad@bdlegal.com

## DEMAND FOR JURY TRIAL

Plaintiff, Gordon Colson, by counsel, requests a trial by jury on all issues deemed so triable.

Respectfully submitted,

*/s/ Ryan Sullivan*
Ryan Sullivan
Andrew Dutkanych
BISECKER DUTAKNYCH & MACER, LLC
144 North Delaware Street
Indianapolis, Indiana 46204
Telephone: (317) 91-4765
Email: rsullivan@bdlegal.com
ad@bdlegal.com